WALTER S. KIRIMITSU 333-0
 University General Counsel
RUTH I. TSUJIMURA 1860-0
 Deputy General Counsel
RYAN M. AKAMINE 4358-0
 Associate General Counsel
CHRISTINE TAMASHIRO 7565-0
 Assistant General Counsel
University of Hawai'i
2444 Dole Street, Bachman Hall 110
Honolulu, Hawai'i 96822
Telephone: (808) 956-2211

Attorneys for Defendant
UNIVERSITY OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| ANDREA LABARGE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNIVERSITY OF HAWAI'I,<br><br>    Defendant. | CIVIL NO. CV04 00477 SPK KSC<br><br>CIVIL ACTION<br><br>DEFENDANT UNIVERSITY OF HAWAI'I'S PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br><br>Trial Date: February 14, 2005<br>Judge: Samuel P. King |

Defendant's Pretrial Statement

DEFENDANT UNIVERSITY OF HAWAI'I'S PRETRIAL STATEMENT

Defendant University of Hawai'i (hereafter referred to as "Defendant") hereby files its Pretrial Statement pursuant to LR16.6.

**(a) Party.**

This Pretrial Statement is filed on behalf of Defendant.

**(b) Jurisdiction and Venue.**

Based on Plaintiff's Complaint for Declaratory and Injunctive Relief and Damages filed on August 2, 2004 and subsequent discovery, it appears that jurisdiction and venue of this Court is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-16(c), and 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f).

**(c) Substance of Action.**

Plaintiff alleges violation of the Equal Pay Act and sex discrimination in employment. The following are the causes of action as stated by the Plaintiff against Defendant:

1. Violation of the Equal Pay Act of 1963.

2. Violation of the Civil Rights Act of 1964, as amended.

The Defendant asserts that there was no violation of the Equal Pay Act and no sex discrimination in the employment of Plaintiff. Defendants pled the following defenses:

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff's claims are barred by the sovereign immunity of the State of Hawai'i.

3. The University of Hawai'i is immune from suit in federal court on Plaintiff's claims by the Eleventh Amendment of the United States Constitution.

4. Plaintiff's claims are barred by absolute and or qualified immunity.

5. The University of Hawai'i asserts the defense of official immunity.

6. Plaintiff failed to mitigate her damages.

7. Plaintiff's claims are barred by section 386-5, Hawai'i Revised Statutes, the exclusive remedies provision of the State's worker's compensation law.

8. Plaintiff failed to exhaust her applicable administrative remedies.

9. Defendant has not waived sovereign immunity from punitive damages under section 662-2, Hawai'i Revised Statutes.

10. Defendant has not waived sovereign immunity from prejudgment interest under section 662-2, Hawai'i Revised Statutes.

11. Defendant asserts that its conduct and statements, insofar as they relate to any matter or issue raised by the Plaintiff in the Complaint, were not the legal or proximate cause of any injury allegedly suffered by Plaintiff.

12. Defendant intends to rely upon any matter constituting an

avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure and intend to seek leave to amend its answer to allege any such matters of which it may become aware during the course of discovery or trial.

### (d) Undisputed Facts.

1. Plaintiff filed a discrimination complaint with the Equal Employment Opportunity Commission on April 2, 2004.

2. On June 4, 2004, the U.S. Department of Justice issued a Right to Sue letter on the Equal Employment Opportunity Commission Complaint filed on April 2, 2004.

### (e) Disputed Factual Issues.

1. Defendant disputes all factual allegations by Plaintiff that Defendant violated the Equal Pay Act.

2. Defendant disputes all factual allegations by Plaintiff that she was discriminated against on the basis of her sex.

### (f) Relief Prayed.

Plaintiff prays for injunctive relief and monetary damages, and attorney's fees and litigation costs.

### (g) Points of Law.

Defendant disputes all of Plaintiff's claims with respect to liability and relief. Defendant's positions are as stated in DEFENDANT UNIVERSITY OF HAWAI'I'S MOTION FOR SUMMARY JUDGEMENT, filed on September 14, 2005.

**(h) Previous Motions.**

On September 14, 2005, Defendant filed DEFENDANT UNIVERSITY OF HAWAI'I'S MOTION FOR SUMMARY JUDGEMENT. The motion was heard on November 30, 2005 at 10:00 a.m.

**(i) Witnesses to be Called.**

1. David McClain. Former Dean in the College of Business Administration. Will testify as to facts and circumstances of this case.

2. James R. Wills, Jr. Former Assoc. Dean in the College of Business Administration. Will testify as to facts and circumstances of this case.

3. David H. Bess. Former Dean in the College of Business Administration, and current Professor in the MIR department. Will testify as to facts and circumstances of this case.

4. Elaine Bailey. Current Professor in the MIR department. Will testify as to facts and circumstances of this case.

5. David Bangert. Current Professor in the MIR department. Will

testify as to facts and circumstances of this case.

6. Dharm Bhawuk. Current Professor in the MIR department. Will testify as to facts and circumstances of this case.

7. Richard Brislin. Current Professor in the MIR department. Will testify as to facts and circumstances of this case.

8. Robert Doktor. Current Professor in the MIR department. Will testify as to facts and circumstances of this case.

9. Hugh Folk. Current Professor in the MIR department. Will testify as to facts and circumstances of this case.

10. Kiyohiko Ito. Current Professor in the MIR department. Will testify as to facts and circumstances of this case.

11. Mooweon Rhee. Current Professor in the MIR department. Will testify as to facts and circumstances of this case.

12. William G. Chismar. Acting Assoc. Dean in the College of Business Administration. Will testify as to facts and circumstances of this case.

13. Dean Cost. Current Instructor in the Financial Economics and Institutions department. Will testify as to facts and circumstances of this case.

**(j) Exhibits, Schedules, and Summaries.**

1. Plaintiff's payment notification forms. These documents will help to establish Plaintiff's employment at the University of Hawai'i. The sponsoring witnesses include Plaintiff as well as the Dean of the College.

2. Various memos and pay increase requests concerning Plaintiff. These documents will help establish that Plaintiff was treated and paid fairly as an instructor. The sponsoring witnesses include Plaintiff as well as various professors.

3. Correspondence to and from Plaintiff. These documents will help establish that Plaintiff was treated fairly. The sponsoring witnesses include Plaintiff as well as various professors.

4. Various memos concerning the doctorate in business program. These documents will help establish that the elimination of instructor positions in the MIR department was not an act of sex discrimination against the Plaintiff. The sponsoring witnesses include various professors.

**(k) Further Discovery or Motions.**

The oral deposition of the Plaintiff is pending, as well as the court's ruling on Defendant's motion for summary judgment.

**(l) Stipulations.**

None.

**(m) Amendments, Dismissals.**

None.

**(n) Settlement Discussion.**

On October 18, 2005, the settlement conference in this matter was continued by Magistrate Judge Kevin Chang, pending the court's ruling on Defendant's motion for summary judgment.

**(o) Agreed Statement.**

Presentation of this action, in part, upon an agreed upon statement may be feasible.

**(p) Bifurcation, Separate Trial of Issues.**

A separate trial of specific issues may be cost effective.

**(q) Reference to Master or Magistrate Judge.**

None. A statement as to whether presentation of the action or proceeding, in whole or in part, upon an agreed statement of facts is feasible and desired.

**(r) Appointment and Limitation of Experts.**

There are no expert witnesses in this case.

**(s) Trial.**

Trial is scheduled to begin on February 14, 2006 at 9:00 a.m. Jury trial was timely requested.

**(t) Estimate of Trial Time.**

Defendant expects that Plaintiff will be able to present her case in chief in five days or less. Defendant expects to ask for Judgment as a Matter of Law pursuant to FRCP Rule 50, after Plaintiff's case in chief. If the motion is denied, Defendant expects to present its own case in chief in three days or less.

**(u) Claims of Privilege or Work Product.**

None.

**(v) Miscellaneous.**

Defendant's motion for summary judgment should be dispositive of this matter.

Dated: Honolulu, Hawai'i, December 29, 2005.

*[signature]*

RUTH I. TSUJIMURA
RYAN M. AKAMINE
CHRISTINE TAMASHIRO
Attorneys for Defendant
UNIVERSITY OF HAWAI'I

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| ANDREA LABARGE, ) | CIVIL NO. CV04 00477 SPK KSC |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | CERTIFICATE OF SERVICE |
| ) | |
| UNIVERSITY OF HAWAI'I, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Defendant's Pretrial Statement

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing document was served upon the following by placing the same in the U.S. Mail, postage prepaid, addressed as follows:

> CLAYTON C. IKEI, ESQ.
> JERRY P.S. CHANG, ESQ.
> 1440 Kapiolani Boulevard, Suite 1203
> Honolulu, Hawai'i 96814

Dated: Honolulu, Hawai'i, December 29, 2005.

RUTH I. TSUJIMURA
RYAN M. AKAMINE
CHRISTINE TAMASHIRO
Attorneys for Defendant
UNIVERSITY OF HAWAI'I